# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ANGELA D. DARDEN**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07CV00018 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CARDINAL TRAVEL CENTER** ) | By: James P. Jones |
| **D/B/A PETRO SHOPPING CENTER** ) | Chief United States District Judge |
| **#72,** ) | |
| ) | |
| Defendant. ) | |

*Angela D. Darden, Plaintiff Pro Se; Alexander I. Saunders, Thomas M. Winn, III, and Elizabeth Hope Cothran, Woods Rogers PLC, Roanoke, Virginia, for Defendant.*

In this employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2007), the defendant moves to dismiss the suit as being untimely filed. For the reasons that follow, I will deny the motion.

I

For purposes of this motion, I must accept the allegations made by the plaintiff in her Complaint as true. The plaintiff alleges she was discharged from her job at a restaurant operated by the defendant because of her race and sex. On December 29, 2006, the Equal Employment Opportunity Commission ("EEOC") mailed a notice of

a right-to-sue letter to the defendant from its Richmond, Virginia, area office. The letter was sent to the plaintiff's address in Griffin, Georgia. The plaintiff claims that she did not receive the letter notifying her of her right to sue until January 5, 2007. The plaintiff filed suit in this court on April 4, 2007—the eighty-ninth day after she received the letter from the EEOC.

II

The standards for granting a motion under Federal Rule of Civil Procedure 12(b)(6) are clear. Typically, affirmative defenses, such as a limitations bar, may not be raised in a Rule 12(b)(6) motion because it is intended merely to test the legal adequacy of the complaint. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). However, a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint. *Richmond, Fredericksburg & Potomac R.R. Co. v. Frost*, 4 F.3d 244, 250 (4th Cir. 1993). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation omitted).

Under Title VII, a claimant must file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1). If suit is not

-2-

Case 1:07-cv-00018-JPJ-PMS    Document 8    Filed 06/14/07    Page 2 of 6    Pageid#: 25

filed within this ninety-day period, the claimant forfeits the right to pursue the claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984).

The defendant asserts that by applying the three-day presumption of receipt derived from Federal Rule of Civil Procedure 6(e), the action filed by the plaintiff is time barred. The issue is whether it is proper to apply the three-day presumption of receipt in this case.

Where the actual date of receipt is confirmed by the evidence, that date governs for the purpose of calculating the limitations period. *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished). However, where the date of receipt is uncertain or otherwise disputed by the parties, it is presumed that the notice of the right to sue was received within three days of the date on which it was mailed. *Ish v. Arlington County, Va.*, No. 90-2433,1990 WL 180127, at * 2 (4th Cir. Nov. 21, 1990) (unpublished).

Under Fourth Circuit precedent, actual receipt of the notice of the right to sue is not necessarily determinative of when the limitations period is triggered for Title VII cases. Rather, the date of constructive receipt—date of delivery—is usually the proper measure of when the limitations period begins to run if the date of delivery and

-3-

the date of actual receipt are substantially different.[1]

In this circuit, "as a settled general rule, the burden of proving an affirmative defense is on the party asserting it." *McNeill v. Polk*, 476 F.3d 206, 220 n.3 (4th Cir. 2007). However, other district courts and at least one court of appeals have found in Title VII cases where the defendant contests the timeliness of the complaint that the plaintiff holds the burden of proving that she timely filed her claim after receiving notice from the EEOC of her right to sue. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002); *Carrasco v. City of Monterey Park*, 18 F. Supp. 2d 1072, 1074-75 (C.D. Cal. 1998); *Young v. Desco Coatings of Kansas, Inc.,* 179 F.R.D. 610, 613 (D. Kan. 1998)*; Paddock v. Perry*, No. 93-CV-0180, 1996 WL 432482, at *3 (E.D. Pa. July 18, 1996); *Williams v. Enter. Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 993 (E.D. Va. 1995); *Martinez v. U. S. Sugar*, 880 F. Supp. 773, 777 (M.D. Fla. 1995); *Rooks v. Girl Scouts of Chicago*, No. 95 C 206, 1995 WL 562126, at *5 (N.D. Ill, Sept. 21, 1995). Although the Fourth Circuit has not ruled on which party holds the burden of establishing the timeliness of Title

---

[1] *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (finding that notice from Postal Service that plaintiff could pick up letter started limitations period); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (finding that wife's receipt of notice letter triggered period); *Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (finding that notice to plaintiff's counsel triggered limitations where plaintiff failed to update EEOC as to her change of address).

VII cases, considering the weight of the authority on this question, I find that the plaintiff bears the burden of establishing the timeliness of the filing of her complaint where it is contested by the defendant.

Cognizant of this burden, I find that the plaintiff has at least at this point established that her suit was timely filed. The defendant does not specifically dispute the date on which the plaintiff claims she received the letter. Rather, the defendant argues that the court should presume that the letter was received within three days of its mailing. Because the date of receipt is not uncertain, the three-day presumption of receipt is inapplicable. *Ish,* 1990 WL 180127, at * 2.

Moreover, the face of the Complaint does not give rise to any inference that the date of constructive receipt occurred prior to January 5, 2007. The right-to-sue letter was mailed from Richmond, Virginia, on the Friday before New Year's Day, which fell on Monday. Considering the holiday and the distance the letter traveled, it is a reasonable inference that it was not recieved until January 5. The date of actual receipt is the proper measure for calculating the limitations period for the purpose of this motion because nothing in the Complaint gives rise to the inference that constructive receipt occurred substantially earlier than actual receipt. Accepting as true the plaintiff's contention that she received the right-to-sue letter no earlier than January 5, 2007, the defendant's motion will be denied.

III

For the reasons stated, it is **ORDERED** that the defendant's Motion to Dismiss is DENIED.

>ENTER: June 14, 2007
>
>/s/ JAMES P. JONES
>Chief United States District Judge

.